**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JORDAN ANCEL, | ) | |
| | ) | |
| Plaintiff, | ) | United States District Court |
| | ) | Case No. _____ |
| vs. | ) | |
| | ) | Circuit Court of Cook County, Illinois |
| JENNIFER KARUM and MONICA RUIZ, | ) | Case No. 2023 L 004921 |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO:     Alexander N. Loftus, Esq.
          Ross Good, Esq.
          Loftus & Eisenberg, Ltd.
          161 N. Clark Street, Suite 1600
          Chicago, Illinois 60601

PLEASE TAKE NOTICE that Defendant, MONICA RUIZ ("Ruiz"), by and through her

attorneys, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of the

captioned action pending in the Circuit Court of Cook County, State of Illinois, Law Division

(the "State Court Lawsuit") on the basis of the diversity of citizenship of the parties pursuant to

28 U.S.C. § 1332, and, in support hereof, states as follows:

### I.     PLAINTIFF'S STATE COURT CLAIMS

1.      On May 12, 2023, Jordan Ancel ("Plaintiff") filed a complaint in the State Court

Lawsuit against Jennifer Karum and Ruiz, alleging claims of defamation and false light/invasion

of privacy against each of the Defendants.  Plaintiff claimed damages in excess of $1,000,000.  A

copy of the Complaint and summons is submitted herewith as **Exhibit A**.

2.      Despite the complete diversity of citizenship between Plaintiff and Defendants,

and the requisite jurisdictional dollar amount being apparent on the face of the complaint, at the

time that the initial case was filed, the State Court Lawsuit was not removable to United States

District Court because both Defendants were then deemed citizens of Illinois, thereby preventing removal. 28 U.S.C. § 1441(b)(2).

3.    By order entered on October 10, 2023, the judge presiding over the State Court Lawsuit granted Defendants' Motion to Dismiss.

4.    On October 16, 2023, Plaintiff filed his First Amended Complaint, again seeking in excess of $1,000,000 from Defendants. A copy of the First Amended Complaint is submitted herewith as **Exhibit B**.

5.    As of the date of the filing of the First Amended Complaint, however, Ruiz was no longer domiciled in Cook County or Illinois, having moved with her family to Kansas. *See* the Declaration of Monica Ruiz, submitted herewith as **Exhibit C**. Neither Defendant has filed a responsive pleading in the State Court Lawsuit with respect to the First Amended Complaint.

6.    Removal based upon an amended pleading is allowed under 28 U.S.C. § 1446(b)(3), as the filing of the First Amended Complaint and ensuing change in domicile made the case removable. *See Wellness Community–National v. Wellness House,* 70 F.3d 46, 49, 50 (7th Cir.1995)(when an amended complaint is filed, federal jurisdiction depends on the facts as they existed when the amended complaint is filed). *See also Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir.1993)("In determining whether removal is proper, the federal court is limited to considering the facts existing at the time of removal.").

## II.    TIMELINESS OF REMOVAL

7.    Plaintiff filed the First Amended Complaint on October 16, 2023, and served Defendants (through their counsel) on that date.

8.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) (finding time to remove begins from the date service is effectuated).

### III.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.**    *Diversity Jurisdiction*

9.     This is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and may be removed by Ruiz to this Court pursuant to 28 U.S.C. § 1441. This is a civil action between citizens of different states and is one in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**B.**    *Diversity of Citizenship*

10.    As alleged in the First Amended Complaint, Plaintiff is an individual that resides in California and Defendant Karum is a resident of Illinois.

11.    As of the filing of the First Amended Complaint, Ruiz was (and remains) domiciled in Kansas, and thus is deemed a citizen of Kansas for purposes of diversity jurisdiction. *See Texas v. Florida,* 306 U.S. 398, 424 (1939)(Citizenship is determined by the parties' domicile, which is established by physical presence in a state coupled with an intent to remain there); *see also Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir.1996) (same); *Gravdahl v. Conwell,* 2002 WL 398599, *1 (N.D. Ill. March 14, 2002)(same).

**C.**    *Amount in Controversy*

12.    The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. The Second Amended Complaint asserts that Plaintiffs suffered damages in excess of $1,000,000.

13.    Because there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, this Court has original jurisdiction under 28 U.S.C. § 1332.

### IV. ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET

14.     28 U.S.C. § 1446(b)(3) provides "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  As shown above, this Notice of Removal was filed within thirty-days of service of the First Amended Complaint upon Defendant.  Prior to the filing of the Second Amended Complaint, the State Court Lawsuit was not removable.

15.     The Circuit Court of Cook County, State of Illinois, Chancery Division is located in Cook County, which is embraced by the Northern District of Illinois.  Therefore, removal to the Northern District of Illinois is proper.  28 U.S.C. § 1441(a).

16.     Venue properly lies with this Court pursuant to 28 U.S.C. § 1446(a), as the State Court Lawsuit is presently pending in the Circuit Court of Cook County, State of Illinois, Chancery Division.

17.     Defendant Karum has consented to the removal of this case.  *See* Declaration of Jennifer A. Karum, submitted herewith as **Exhibit D**.[1]

18.     A copy of this Notice of Removal will be filed with the Circuit Court of Cook County, State of Illinois, Law Division and served upon all adverse parties as required by 28 U.S.C. § 1446(d).

19.     Copies of all process, pleadings and orders served by or upon Defendants are submitted herewith as **Exhibit A** (Summons and Complaint), **Exhibit B** (First Amended Complaint), and **Exhibit F** (Bill of Particulars) as required by 28 U.S.C. § 1446(a).

---

[1]  To the extent it is necessary, Ryan Atkins, a citizen of Illinois, named in the State Court Lawsuit as a "Respondent in Discovery," also consents to the removal of the case.  *See* Declaration of Ryan Atkins, submitted herewith as **Exhibit E**.

20.     The undersigned has read and signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Monica Ruiz, hereby removes the above-entitled civil action from the Circuit Court of Cook County, State of Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:   November 9, 2023                                   Respectfully submitted,

                                                            **MONICA RUIZ**

                                                By:     _/s/ George J. Spathis_____
                                                        One of Her Attorneys

George J. Spathis (ARDC No. 6204509)
LEVENFELD PEARLSTEIN, LLC
120 South Riverside Plaza, Suite 1800
Chicago, Illinois 60602
Tel: 312-346-8380
Email: gspathis@lplegal.com

## CERTIFICATE OF SERVICE

I, George J. Spathis, an attorney, hereby certify that on November 9, 2023, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF filing system and served upon the parties listed below via electronic mail.

<u>Attorneys for Plaintiff</u>:

Alexander N. Loftus, Esq. (alex@loftusandeisenberg.com)
Ross Good, Esq. (ross@loftusandeisenberg.com)
Loftus & Eisenberg, Ltd.
161 N. Clark Street, Suite 1600
Chicago, Illinois 60601

/s/ *George J. Spathis*